UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | | |
|---|---|---|
| **FURNISS HARKNESS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | No. 2:10-cv-2868-STA-dkv |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER DENYING PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

Before the Court is Plaintiff Chaplain Furniss Harkness' Motion for a Preliminary Injunction Enjoining the Navy from Holding Reserve Chaplain Captain Selection Boards Until the Court Rules on Plaintiff's Partial Summary Judgment Motion (D.E. # 12), filed on February 14, 2011. On February 23, 2011, the Court held a hearing on this Motion. During the hearing, this Court **DENIED** Plaintiff's Motion for a Preliminary Injunction.

### BACKGROUND

Plaintiff Chaplain Furniss Harkness ("Plaintiff") filed a Complaint in the United States Court of Federal Claims on August 5, 2010. (D.E. # 1.) On November 16, 2010, the United States Court of Federal Claims transferred this matter to the United States District Court for the Western District of Tennessee. (D.E. # 1.) On December 27, 2010, without receiving leave of Court, pursuant to Federal Rule Civil Procedure 15(a), Plaintiff filed an Amended Complaint. (D.E. # 4.)

1

The Amended Complaint challenges the Secretary of the Navy's ("Secretary") decision denying Plaintiff a special selection board ("SSB"). Compl. ¶ 1. Specifically, Plaintiff, in his Amended Complaint, seeks a declaration or an order: (1) "finding the Secretary's decision not to order a SSB [] arbitrary, capricious and contrary to law because the fiscal year ('FY') 2007 Naval Reserve Chaplain Captain selection-promotion board (the 'promotion board') that failed to select [Plaintiff] for promotion to Captain was illegally composed"; (2) "finding the Navy's current chaplain [promotion] board[] procedures and composition [] violate the Establishment Clause by delegating to commissioned denominational representatives, i.e., chaplain board members, discretionary civic power to award or deny government benefits without effective guarantees 'that the delegated power would be used exclusively for secular, neutral and non-ideological purposes[]'"; (3) "directing the Secretary to hold a[n] SSB for [Plaintiff] with a legally composed promotion board to consider him for promotion to Captain, and if selected, promote him retroactively as if he had not been denied his promotion previously"; and (4) "finding the Secretary acted in bad faith by denying [Plaintiff's] SSB request." (*Id.* ¶ 1-2 (citations omitted).)

On February 3, 2011, Plaintiff filed a Motion for Partial Summary Judgment. (D.E. # 11.) In the Motion for Partial Summary Judgment, Plaintiff seeks summary judgment on two issues within his Complaint. Pl.'s Mot. for Summ. J., 1. First, Plaintiff seeks summary judgment on the allegation that the decision of the Secretary denying Plaintiff an SSB was contrary to law because the FY 2007 chaplain promotion board "that denied him promotion lacked the Reserve Active Status List ('RASL') chaplain board member Secretary of Navy Instruction 1401.3A ('1401.3A') requires for legal composition." (*Id.*) Second, Plaintiff seeks summary judgment on

2

the allegation that "the Navy's chaplain selection procedures violate the Establishment Clause by delegating discretionary power to persons defined by their religious identity without effective guarantees the power will be used solely for secular, neutral and non-ideological purposes." (*Id.*)

On February 14, 2011, Plaintiff filed this Motion for a Preliminary Injunction. (D.E. # 12.) In the Motion, Plaintiff moves to enjoin the Secretary from conducting the Naval Reserve Chaplain Corps promotion boards for the rank of Captain until the Court rules on Plaintiff's Partial Summary Judgment Motion. Plaintiff notes that the "clearest command of the Establishment Clause is that one religious denomination cannot be officially preferred over another." Mot. for a Prelim. Inj., 9 (citation omitted). Plaintiff argues that "[d]espite the clarity of that 'religious neutrality mandate' and the fact chaplains are defined as denominational representatives to the Navy, the evidence show[s] the procedures for making decisions awarding or denying government benefits to chaplains, i.e., promotions are infected with religious bias, favoritism and prejudice." (*Id.* at 10.) Following, Plaintiff states that the challenged Navy practices require and fail strict scrutiny. Additionally, Plaintiff argues the practices fail the *Lemon* tests as well as the endorsement or reasonable observer tests. Consequently, Plaintiff argues that he will succeed on the merits of this constitutional argument. Additionally, Plaintiff argues that he will suffer irreparable harm as the "loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable harm." (*Id.* at 15 (citation omitted).) Further, Plaintiff asserts that there is little or no probability that granting the injunction will harm the Navy or cause substantial harm to others. And, lastly, Plaintiff notes that an injunction would advance the public interest as "it is always in the public interest to

prevent violations of a party's constitutional rights." (*Id.* at 17 (citations omitted).) Thus, Plaintiff argues that a preliminary injunction is warranted in this matter.

Defendant, however, argues that Plaintiff's motion for a preliminary injunction should be denied. First, Defendant states that the injunction should be denied as untimely and as an abuse of the preliminary relief mechanism. Second, Defendant states that Plaintiff cannot demonstrate a substantial likelihood of success on the merits. To this argument, Defendant asserts that Plaintiff cannot demonstrate a substantial likelihood of success on his theory that: (1) the service of chaplains on Chaplain Corp promotion boards, combined with the mechanical voting process used for all statutory selection boards, constitutes a *per se* violation of the Establishment Clause or that (2) Non-liturgical chaplains are systemically disfavored in the promotion board process. Third, Defendant states that Plaintiff has not established irreparable harm absent the relief requested as the "mere" allegation of a constitutional violation is insufficient and as Plaintiff's alleged injuries can be redressed retroactively. And, lastly, Defendant states that the requested preliminary injunction will cause substantial harm to the Navy and other chaplains. For these reasons, Defendant argues that this Motion should be denied.

## PRELIMINARY INJUNCTION STANDARD

The decision to grant a preliminary injunction is within the judicial discretion of the district court.[1] A preliminary injunction is an "extraordinary remedy . . . which is to be applied only in the limited circumstances which clearly demand it."[2] The court may issue a preliminary

---

[1] *Mason Cnty. Med. Ass'n v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977).

[2] *Leary v. Daeschner*, 228 F.3d 729, 739 (6th Cir. 2000) (internal quotation marks omitted).

injunction to preserve the status quo until a trial on the merits.[3]  In determining whether a party is entitled to a preliminary injunction, courts must consider and balance the following four factors:

> (1) whether the plaintiff has established a substantial likelihood or probability of success on the merits; (2) whether there is a threat of irreparable harm to the plaintiff; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by granting injunctive relief.[4]

"Although no one factor is controlling, a finding that there is simply no likelihood of success on the merits is usually fatal."[5]  Plaintiff, here, has the burden of proving that an injunction is proper.[6]

## ANALYSIS

During the hearing, the Court focused on the first of the four above-mentioned factors- whether the Plaintiff has established a substantial likelihood or probability of success on the merits.  In the present case, Plaintiff asserted two main claims: (1) an administrative law claim seeking the Court to find the Secretary's decision not to order an SSB arbitrary, capricious, and contrary to law, and (2) a constitutional law claim seeking the Court to find that the Navy's current chaplain promotion board procedures and composition violate the Establishment Clause. The Plaintiff's Motion for Preliminary Injunction and the subsequent briefs submitted focus squarely on the constitutional law claim.

---

[3] *United States v. Edward Rose & Sons*, 384 F.3d 258, 261 (6th Cir. 2004).

[4] *Int'l Dairy Foods Ass'n v. Boggs*, 622 F.3d 628, 635 (6th Cir. 2010).

[5] *Gonzales v. Nat'l Bd. of Med. Exam'r*, 225 F.3d 620, 625 (6th Cir. 2000) (citation omitted).

[6] *See Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).

Before discussing the likelihood of success on the merits of this claim, the Court finds it important to detail the time line of events leading up to the preliminary injunction hearing and the substantial record filed by both parties.

On February 14, 2011, Plaintiff filed the current Motion for a Preliminary Injunction that with exhibits and an expert report totaled two hundred and ninety (290) pages.  The Motion requested the Court to enjoin the Secretary from conducting the promotion boards for the rank of Captain until the Court ruled on Plaintiff's Partial Summary Judgment Motion.  In the Motion, Plaintiff stated that these promotion boards were to take place in late February.  On February 21, 2011, Defendant filed its Response in Opposition that with exhibits totaled ninety six (96) pages.  The Court notes that February 21, 2011 was President's Day and that the Court did not receive notice of this filing until February 22, 2011.  In its response, Defendant noted that the promotion board the Plaintiff was seeking to enjoin was scheduled to begin that week–the week of February 21, 2011. Consequently, on February 22, 2011, the Court set a Telephonic Motion Hearing for February 23, 2011.  On February 23, 2011, prior to the hearing Plaintiff filed a Reply brief, and Defendant amended its Response by adding a competing expert report totaling one hundred and fifty seven (157) pages.  On February 23, 2011, the Court held a hearing on the Motion.  During the hearing, Defendant noted that the promotion board Plaintiff requested the Court to enjoin had begun earlier that morning.

As stated above, in order to grant a preliminary injunction, the Court must consider and balance four factors; however, a finding that there is simply no substantial likelihood or probability of success on the merits is usually fatal.  This is the case here.  As noted in Plaintiff's brief, the argument that the Navy's procedures produce denominational preferences and religious

6

prejudice in the form of increased promotion rates for the denomination of the Chief of Chaplains when he is board president is an issue that has not been presented previously in any court. Moreover, in the hearing, Defendant described this argument as novel. Consequently, with the filing of this preliminary injunction only one week before the promotion boards were set to begin--giving the Defendant very little time to respond, with the voluminous amount of briefing submitted by both parties up and until the time of the hearing, with the competing lengthy expert reports, with no case law on point, and with the promotion boards already in progress, the Court, during the hearing, found that, at that point, Plaintiff could not carry his burden of showing that there is a substantial likelihood or probability of success on the merits, such to enjoin a promotion board already in progress. Consequently, the Court denied the Motion for the preliminary injunction.

## **CONCLUSION**

For the reasons set forth above, Plaintiff Chaplain Furniss Harkness' Motion for a Preliminary Injunction was **DENIED**.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date:   March 30, 2011.

7