# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

| | | |
|---|---|---|
| **FURNISS HARKNESS,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 10-cv-2868-STA-dkv** |
| | ) | |
| **THE UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

─────────────────────────────────────────────────────────

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS AND ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

─────────────────────────────────────────────────────────

Before the Court is Defendant United States of America's ("Defendant") Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Failure to State a Claim Upon Which Relief can be Granted (D.E. # 29), filed on March 31, 2011. On May 5, 2011, Plaintiff Chaplain Furniss Harkness ("Plaintiff") filed a Memorandum in Response to Defendant's Motion to Dismiss. (D.E. # 32.) Defendant then, on June 9, 2011, filed a Reply in Support of its Motion to Dismiss. (D.E. # 40.) For the reasons set forth below, Defendant's Motion to Dismiss is **GRANTED IN PART AND DENIED IN PART**. Also before the Court is Plaintiff's Motion for Partial Summary Judgment (D.E. # 11), filed on February 3, 2011. On March 31, 2011, Defendant filed a Response to Plaintiff's Motion for Partial Summary Judgment. (D.E. # 27.) Plaintiff then, on July 5, 2011, filed a Reply to Defendant's Response. (D.E. # 44.) For the reasons set forth below, Plaintiff's Motion for Partial Summary Judgment is **DENIED.**

1

## BACKGROUND

On December 3, 2010, the United States Court of Federal Claims transferred this case, on Plaintiff's Unopposed Motion to Tranfer, to this Court.  (D.E. # 1.)  On December 27, 2010, Plaintiff filed an Amended Complaint against the Defendant.  (D.E. # 4.)

In the Amended Complaint, Plaintiff challenges the decision by the Secretary of the Navy (the "Secretary") denying Plaintiff a special selection board ("SSB").  Am. Compl. ¶ 1. Specifically, Plaintiff seeks an order or declaration from this Court finding the Secretary's decision not to order an SSB to be arbitrary, capricious, and contrary to law.  (*Id.*)  Plaintiff alleges the fiscal year ("FY") 2007 Naval Reserve Chaplain Captain Selection-Promotion Board ("Board"), that did not select Plaintiff for promotion, was illegally composed.  (*Id.*)  Plaintiff argues the Board was illegally composed because the Board's membership did not contain a chaplain from the Reserve Active Status List (the "RASL")[1] as mandated by Secretary of Navy Instruction ("SECNAVINST") 1401.3A and because the Board contained two chaplain board members[2] identified as hostile to non-liturgical[3] chaplains in litigation pending against the Navy

---

[1]  Citing to 10 U.S.C. § 101(c)(7), Plaintiff defines "RASL" as "a single list for the Army, Navy, Air Force, or Marine Corps (required to be maintained under section 14002 of this title) that contains the names of all officers of that armed force except warrant officers (including commissioned warrant officers) who are in an active status in a reserve component of the Army, Navy, Air Force, or Marine Corps and are not on an active-duty list."

[2]  Plaintiff identifies these two chaplain board members as Rear Adm. Lewis Iasiello and CAPT Jane Viera.  Am. Compl. ¶ 13.

[3]  Plaintiff defines "non-liturgical" as "Christian denominations or faith groups which do not use a formal liturgy or order in their worship service and emphasize preaching and teaching from the Bible.  In general, they baptize only adults or children who have reached the age of reason, and their clergy do not usually wear vestments or special religious dress during services." Am. Compl., 11-12.

in the United States District Court for the District of Columbia.[4]  (*Id.*)  Plaintiff also seeks an order or declaration finding the Board procedures and composition to be in violation of the Establishment Clause.  (*Id.*)  Plaintiff alleges the Navy delegates to commissioned denominational representatives discretionary civic power to award or deny government benefits without effective guarantees that the delegated power would be used exclusively for secular, neutral, and non-ideological purposes.  (*Id.*)  Additionally, Plaintiff requests this Court order the Secretary to hold an SSB for Plaintiff with a "legally composed promotion board to consider him for promotion to Captain," and, if selected, promote him retroactively.  (*Id.*)  Lastly, Plaintiff requests this Court find the Secretary acted in bad faith by denying Plaintiff's SSB request. (*Id.*)

In support of these above-mentioned requests, Plaintiff sets forth the following facts in the Amended Complaint.  (D.E. # 4.)

Plaintiff is a non-liturgical Navy Reserve chaplain residing in Memphis, Tennessee.  (*Id.* ¶ 3.)  Defendant controls and operates the Navy, including the Naval Reserve, as one of its principal agencies.  (*Id.* ¶ 4.)

Plaintiff entered active duty in March 1987 as a Navy chaplain under the endorsement of the Disciples of Christ, a non-liturgical Christian church.  (*Id.* ¶ 5.)[5]  While on active duty, Plaintiff states that he challenged the failure of the Navy Chaplain Corps (the "CHC") to give him the same information and opportunities concerning post-graduate school the CHC provided

---

[4]  Plaintiff identifies this case as *Adair v. Danzig*, No. 00-cv-0566, filed March 17, 2000 ("*Adair*").

[5]  According to Plaintiff, the facts listed in paragraphs 5-9 of the Amended Complaint "raise no claims . . . [and] are provided only as factual background to support his claim of bad faith."  Am. Compl., 3 n.4.

liturgical chaplains.  (*Id.*)  Plaintiff highlights that he found the CHC to have two systems-one for liturgical chaplains and one for non-liturgical chaplains.  (*Id.*)  Plaintiff states that these efforts to obtain equal treatment within the CHC "effectively ended" his Navy active duty career.  (*Id.*)  Consequently, according to Plaintiff, he left active duty in June 1995.  (*Id.*)  Plaintiff then attempted to affiliate with a Reserve unit and continue his career as a Naval Reserve chaplain. (*Id.*)  Plaintiff argues that in retaliation for his challenging the CHC's system and to prevent him from affiliating as an active Reserve chaplain, the CHC created a new special instruction requiring CHC approval of Plaintiff's reserve affiliation application and then denying it once he submitted the application.  (*Id.* ¶ 6.)

Plaintiff then requested the Navy Inspector General ("NIG") investigate the CHC's new Reserve affiliation procedure's legality.  (*Id.* ¶ 7.)  According to Plaintiff, the NIG found the CHC's actions and its "new Reserve affiliation approval policy" to be without authority and the NIG admonished several senior chaplains for retaliation.  (*Id.*)  Plaintiff states that "[a]fter the NIG vindicated his claim of retaliation, [he] joined the Naval Reserve as a chaplain, continuing his Naval Reserve career and was selected to the rank of Commander; he is listed on the RASL." (*Id.* ¶ 8.)

Plaintiff additionally notes that he is "one of 17 Navy Non-liturgical chaplains who have challenged the CHC's blatant religious prejudice" in the *Adair* litigation.  (*Id.* ¶ 9.)

As for the claims now pending before this Court, Plaintiff alleges he was considered for and illegally denied promotion to Captain by the unlawfully composed FY 2007 Board.  (*Id.* ¶ 10.)  Plaintiff notes that SECNAVINST 1401.3A ¶ 7 provides the "Requirements for RASL Promotion . . . Boards."  (*Id.* ¶ 11.)  Plaintiff states that the requirements include a mandate for

4

the inclusion of RASL board members from the "competitive category" being considered for

promotion:

> b. Competitive Category. At least one RASL officer from each competitive category
> of the officers being considered by the board shall be a member of the board. If no
> eligible and qualified RASL officer from that competitive category is available to
> serve as a member, the board need not include such an officer, however, the Secretary
> of the Navy may, at his discretion, appoint a retired officer of the competitive
> category.

(*Id.*)  Plaintiff contends that this subparagraph is a specific, mandatory requirement designed to

protect RASL officers from prejudice.  (*Id.* ¶ 12.)

Plaintiff further details that the precept[6] for the FY 2007 Board shows the Board

contained no RASL chaplain members.  (*Id.* ¶ 13.)  Moreover, Plaintiff notes that Rear Adm.

Lewis Iasiello ("Rear Adm. Iasiello"), a Navy Catholic chaplain and then the Navy Chief of

Chaplains, was the Board President.  (*Id.*)  The Board's second chaplain board member was

CAPT Jane Viera ("CAPT Viera"), a Naval Reservist on active duty endorsed by the United

Church of Christ, a liturgical Protestant denomination.  (*Id.*)  Plaintiff notes that because CAPT

Viera was on active duty, she was not and could not meet the SECNAVINST's requirement for a

RASL officer from the category under consideration.  (*Id.*)  Moreover, Plaintiff details that both

of these chaplain board members were liturgical chaplains identified in the *Adair* litigation as

hostile to non-liturgical chaplains.  (*Id.*)  Plaintiff additionally states that "on information and

belief, RASL chaplains eligible for board duty were available."  (*Id.*)

According to Plaintiff, the precept for the FY 2007 Board did not explain why no RASL

officers were included on the Board.  (*Id.* ¶ 14.)  Additionally, Plaintiff notes that the Secretary

_____

[6] Plaintiff defines "precept" as the "Secretary's specific instructions to a Navy selection
board[.]" Am. Compl., 12.

did amend the precept the day before the Board began, substituting a recorder; however, the Secretary did not address the RASL requirement.  (*Id.* ¶ 15.)

Upon learning the Board did not select him, Plaintiff states that he examined the precept and, in his words, found that the Board's composition violated SECNAVINST 1401.3A's ¶¶ 7.b and 7.c.  (*Id.* ¶ 16.)   Plaintiff then explains that he petitioned the Secretary for an SSB.  (*Id.* ¶ 17.)  In the petition, Plaintiff argued the Board was illegally composed because, among other things, (a) the Board had no RASL chaplain board member as required by SECNAVINST 1401.3A and (b) the two active duty chaplain board members had interests adverse to Plaintiff due to his role as a plaintiff in a lawsuit by non-liturgical chaplains challenging the CHC's "religious prejudice and discriminatory policies."  (*Id.*)  The Secretary denied Plaintiff's SSB petition.  (*Id.* ¶ 18.)

Plaintiff states that he then requested a Department of Defense Inspector General ("DOD IG") investigation of the Navy's failure to follow SECNAVINST 1401.3A's requirements in composing his FY 2007 Board.  (*Id.* ¶ 19.)   The DOD IG referred the request to the NIG, which found no requirement for a RASL chaplain board member.  (*Id.* ¶ 20.)

Plaintiff claims that the omission of a RASL chaplain Reservist board member and the use of two active duty chaplains adverse to Plaintiff guaranteed he would not be selected for Captain under the Navy chaplain promotion board's voting system.  (*Id.* ¶ 21.)  According to the Plaintiff, this voting system uses a small number of voting members who vote in secret with no accountability, allowing one or two board members to manipulate the board's results as demonstrated by several NIG investigations of Navy chaplain promotion boards.  (*Id.*)  Plaintiff details these investigations in the Amended Complaint.  (*Id.*)

6

Plaintiff states that while the Navy's "pattern and practice of retaliation and prejudice" against Plaintiff is not relevant to his claim that the Secretary's decision denying him a special selection board was arbitrary, capricious and contrary to law, he does contend the pattern is relevant to his bad faith claim against the Navy.  (*Id.* ¶ 22.)  To demonstrate this pattern, Plaintiff highlights: the fact that the Navy failed to select Plaintiff to the grade of Commander in mid-2000 after he became a plaintiff in the *Adair* lawsuit; the fact that the Navy placed  a chaplain on the selection board implicated in Plaintiff's prior successful NIG retaliation complaint concerning the CHC's illegal attempt to deny him Reserve affiliation; and the fact that after his subsequent selection to Commander, the Navy continued to retaliate by:

> i. Denying him active duty for training at Naval Region Europe despite being picked for such a position by the Naval Reserve APPLY board (a board which selects Reserve officers for the limited number of paid Reserve duty positions), although the need still existed and the command requested him; and

> ii. placing a junior Lieutenant in a position his command specifically created for Plaintiff with an over-grade waiver to allow Plaintiff to work on duties related to the Navy's Support for the National Boy Scout Jamboree, following his success in support of the 2006 Jamboree.

(*Id.*)  Plaintiff states that he has evidence to support these allegations.  (*Id.*)

The pertinent facts regarding the Plaintiff's Motion for Partial Summary Judgment will be discussed within the analysis portion of this Order.

Defendant filed the current Motion to Dismiss asking the Court to dismiss this action with prejudice in its entirety for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted.  Defendant contends that Plaintiff's challenge to the composition of the FY 2007 Board fails as a matter of law because the Secretary's decision upholding the Board was not arbitrary, capricious, an abuse of discretion, or otherwise unlawful.

Additionally, Defendant argues that this Court lacks jurisdiction to review Plaintiff's claim that the Navy's promotion procedures violate the Constitution because Plaintiff has not exhausted his administrative remedies. Lastly, Defendant states "Plaintiff's conclusory allegation of bad faith . . . is not supported by sufficient facts to render it plausible, and must be dismissed on that basis." For these reasons, Defendant asks the Court to dismiss this action with prejudice in its entirety.

Plaintiff, on the other hand, filed the current Motion for Partial Summary Judgment focusing on two issues–first, the decision of the Secretary to deny Plaintiff an SSB, and, second, the Plaintiff's claim that the Navy's chaplain selection procedures violated the Establishment Clause. Plaintiff argues that the Secretary's denial of Plaintiff's request for an SSB was contrary to law due to the FY 2007 Board's illegal composition. Plaintiff argues that the Navy must obey the Secretary's instructions in composing selection boards, and because the FY 2007 Board, that failed to selection Plaintiff for Captain, had no RASL chaplain, the Board is *void ab initio*. Consequently, Plaintiff argues that title 10 United States Code section 14502 ("§ 14502") directs the Secretary to order an SSB to correct the error resulting from the Board's unlawful composition, making the Secretary's denial of Plaintiff's request for an SSB contrary to law. Additionally, Plaintiff argues that the Navy violated and still violates the Establishment Clause by composing and operating Reserve chaplain selection boards with procedures allowing the fusion of government and religious power in the award of government benefits. Therefore, Plaintiff asks this Court to grant summary judgment on these two issues.

## STANDARD OF REVIEW

**Motion to Dismiss**

Federal Rule of Civil Procedure 12(b)(1) ("Rule 12(b)(1)") permits dismissal of a complaint for "lack of subject-matter jurisdiction."[7]  "When the defendant challenges subject matter jurisdiction, the plaintiff has the burden of proving jurisdiction and the court may resolve factual disputes."[8]  "A Rule 12(b)(1) motion can either attack the claim of [subject matter] jurisdiction on its face . . . or it can attack the factual basis for [subject matter] jurisdiction . . . ."[9] In reviewing a Rule 12(b)(1) motion challenging the factual basis for jurisdiction, "a trial court has wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts."[10]

Additionally, a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). When considering a Rule 12(b)(6) motion, the Court must treat all of the well-pled factual allegations of the complaint as true, construe those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in favor of the plaintiff.[11]  However, legal conclusions "masquerading as factual allegations" or unwarranted factual inferences including

---

[7] Fed. R. Civ. P. 12(b)(1).

[8] *Robinson v. Ohio, Dep't of Dev.*, 69 F.App'x 204, 205 (6th Cir. 2003)(citing *Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 915 (6th Cir. 1986)).

[9] *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004).

[10] *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).

[11] *Jones v. City of Cincinnati*, 521 F.3d 555, 559 (6th Cir. 2007).

"conclusory allegations" need not be accepted as true.[12]  To avoid dismissal under Rule 12(b)(6), "the complaint must contain either direct or inferential allegations" with respect to all material elements of the claim.[13]

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"[14]  Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."[15]  To survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face."[16]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[17]

**Motion for Summary Judgment**

Federal Rule of Civil Procedure 56(a) provides that the

---

[12] *Id.*

[13] *Eidson v. State of Tenn. Dep't of Children's Servs.*, 510 F.3d 631, 634 (6th Cir. 2007).

[14] Fed. R. Civ. P. 8(a)(2).

[15] *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1953, 173 L.Ed.2d 868 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  *See also Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009).

[16] *Iqbal*, 129 S.Ct. at 1949-50; *Twombly*, 550 U.S. at 570, 127 S.Ct. 1955.

[17] *Iqbal,* 129 S.Ct. at 1949.

> court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.[18]

In reviewing a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party.[19]  When the motion is supported by documentary proof such as depositions and affidavits, the nonmoving party may not rest on his pleadings but, rather, must present some "specific facts showing that there is a genuine issue for trial."[20]  It is not sufficient "simply [to] show that there is some metaphysical doubt as to the material facts."[21]  These facts must be more than a scintilla of evidence and must meet the standard of whether a reasonable juror could find by a preponderance of the evidence that the nonmoving party is entitled to a verdict.[22]  When determining if summary judgment is appropriate, the Court should ask "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-side that one party must prevail as a matter of law."[23]

Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."[24]  In this Circuit, "this requires the nonmoving party

---

[18] Fed. R. Civ. P. 56(a).

[19] *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

[20] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

[21] *Matsushita*, 475 U.S. at 586.

[22] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

[23] *Id*. at 251-52 (1989).

[24] *Celotex*, 477 U.S. at 322.

to 'put up or shut up' [on] the critical issues of [its] asserted causes of action."[25]  Finally, the

"judge may not make credibility determinations or weigh the evidence."[26]

## ANALYSIS

The Court divides its analysis into three sections–the Secretary's denial of Plaintiff's

application for an SSB, the constitutional claim, and the bad faith claim.  The Court will discuss

both the Motion to Dismiss and the Motion for Partial Summary Judgment under each pertinent

section.

## I.  Secretary's Denial of Plaintiff's Application for a Special Selection Board

**Motion to Dismiss**

In the Motion to Dismiss, Defendant argues Plaintiff's claim the Secretary improperly

denied Plaintiff's request for an SSB fails to state a claim and should be dismissed pursuant to

Rule 12(b)(6).  Defendant contends that the absence of a RASL member from the FY 2007 Board

did not compel the Secretary to order an SSB.  Additionally, Defendant argues that the inclusion

of the two chaplains, Rear Adm. Iasiello and CAPT Viera.  For the reasons set forth below, the

Court **DENIES** Defendant's Rule 12(b)(6) Motion.  The Court will discuss Defendant's two

arguments separately.

### a.       Absence of a RASL Member from the FY 2007 Board

Defendant argues that the absence of a RASL member from the FY 2007 Board did not

compel the Secretary to order an SSB and, as such, the Court should dismiss this claim pursuant

---

[25] *Lord v. Saratoga Capital, Inc.*, 920 F. Supp. 840, 847 (W.D. Tenn. 1995) (citing *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1989)).

[26] *Adams v. Metiva*, 31 F.3d 375, 379 (6th Cir. 1994).

to Rule 12(b)(6).  First, Defendant argues that the Secretary has the power to waive the "non-statutory requirement" of SECNAVINST 1401.3A--that the Board include an officer on the RASL from Plaintiff's competitive category.  Defendant states the Secretary exercised this waiver power in approving the composition of the FY 2007 Board.  Second, Defendant contends that even if the Secretary had not waived that requirement, the resulting administrative error would warrant an SSB under § 14502(b)(1)(A)[27] only if the Secretary concluded the error was "material."  And, third, Defendant states that even assuming the absence of a chaplain from the RASL on the FY 2007 Board constituted material error, the Secretary is not required by statute to convene an SSB when a board is unlawfully composed.   Consequently, Defendant argues this claim should be dismissed.

Plaintiff, however, contends that he has provided enough facts to state a plausible claim for relief.  Plaintiff states that the Secretary's denial was arbitrary and contrary to law because the FY 2007 Board was not composed in accord with SECNAVINST 1401.3A ¶ 7b's requirement for a RASL chaplain.  Plaintiff argues the RASL requirement is mandatory, as shown by

---

[27]   10 U.S.C. § 14502(b)(1)(A):

**(b) Officers considered but not selected; material error.--(1)** In the case of an officer or former officer who was eligible for promotion and was considered for selection for promotion from in or above the promotion zone under this chapter by a selection board but was not selected, the Secretary of the military department concerned may, under regulations prescribed by the Secretary of Defense, convene a special selection board under this subsection to determine whether the officer or former officer should be recommended for promotion, if the Secretary determines that–

**(A)** the action of the selection board that considered the officer or former officer was contrary to law in a matter material to the decision of the board or involved material error of fact or material administrative error[.]

SECNAVINST 1401.3A ¶ 7's identification of the "minimum statutory requirements."
Additionally, Plaintiff notes that the FY 2007 Board that considered but denied him a promotion
contained no RASL chaplain board member, and a copy of the precept details that no RASL
officer was present.  Thus, Plaintiff argues that he has stated a claim to relief that is plausible on
its face.

The Court finds that Plaintiff has stated a claim for relief.  In the Amended Complaint,
Plaintiff alleges that the FY 2007 Board was illegally composed as the Board had no RASL
chaplain board member, the precept did not explain why no RASL officers were on the Board,
Plaintiff petitioned the Secretary for an SSB, and the Secretary denied Plaintiff's SSB petition.

This Court has the jurisdiction to review a Secretary's decision not to order an SSB under
§ 14502:

> **(h) Judicial review**.–**(1)** A court of the United States may review a determination
> by the Secretary concerned under subsection (a)(1), (b)(1) . . . not to convene a
> special selection board.  If a court finds the determination to be arbitrary or
> capricious, not based on substantial evidence, or otherwise contrary to law, it shall
> remand the case to the Secretary concerned, who shall provide for consideration
> of the officer or former officer by a special selection board under this section.

> In this case, Plaintiff seeks an order or declaration from this Court:

> finding the Secretary's decision not to order a[n] SSB [to be] arbitrary, capricious and
> contrary to law because the [FY 2007 Board] that failed to select [Plaintiff] for
> promotion to Captain [to be] illegally composed:

>> i.  the Board membership did not contain a chaplain from the [RASL] as
>> mandated by [SECNAVINST] 1401.3A;

Am. Compl. ¶ 1(a)(i).  SECNAVINST 1401.3A ¶ 7 states, in pertinent part:

> 7.  <u>Statutory Requirements for RASL Promotion and Selective Early Separation
> Boards</u>.   Reference (a), section 14102, establishes the following minimum
> requirements for boards considering for promotion or selective early separation

officers on the RASL in each grade above ensign or second lieutenant and below rear admiral or major general.

      b. <u>Competitive Category</u>.  At least one RASL officer from each competitive category of the officers being considered by the board shall be a member of the board.  If no eligible and qualified RASL officer from that competitive category is available to serve as a member, the board need not include such an officer, however, the Secretary of the Navy may, at his discretion, appoint a retired officer of the competitive category.

Defendant does not argue that Plaintiff's FY 2007 Board contained a RASL officer; rather, Defendant argues that the Secretary had the power to waive the, in Defendant's terms, "non-statutory requirement" pursuant to SECNAVINST 1401.3A ¶ 10.  Paragraph 10 states in pertinent part:

      The Secretary of the Navy may waive non-statutory membership requirements of this instruction . . . because of the unavailability of eligible qualified members, or for any other reason, the Secretary of the Navy may deem appropriate.

Defendant states that the Secretary exercised this waiver power when he formally convened the FY 2007 Board via the Board's February 23, 2006 precept.  Defendant states that although the RASL requirement is articulated in a section of the SECNAVINST that has the heading "statutory requirements," the heading does not render the RASL requirement "statutory."  Defendant states that for interpretive purposes, headings are of use only when they shed light on some ambiguous word or phrase and that any ambiguity on this matter should be resolved in favor of the Defendant's interpretation of its own regulation.  Moreover, Defendant states that waiver is a vague term used for a great variety of purposes–not all of which require a conscious decision.  Defendant cites to the idea that in litigation a party often may "waive" an argument simply by not raising it.  The Court finds this argument unpersuasive.

Defendant then argues that even if the Secretary had not waived the requirement that the Board include an officer on the RASL from Plaintiff's competitive category, the resulting administrative error would warrant an SSB under § 14502(b)(1)(A) only if the Secretary concluded the error was "material."  Under this sub-section, Defendant states that the Secretary is not required by statute to convene an SSB when a board is unlawfully composed as the statute provides only that the Secretary "*may . . . convene*" an SSB if he determines that the board at issue involved material error.  Defendant states that Plaintiff proffered no arguments for why the absence of an officer from the RASL would be a "material error."[28]  Plaintiff, however, argues that the Secretary's failure to compose the Board according to SECNAVINST 1401.3A ¶ 7, resulted in an illegal board, *void ab initio*, as to Plaintiff.[29]  As such, Plaintiff contends that this claim should fall under 10 U.S.C. § 14502(a)[30] because Plaintiff "was not considered."

---

[28]  10. U.S.C. § 14502(b)(1)(A).

[29]  In the Motion to Dismiss, for this argument, Plaintiff cites to *Viles v. Claytor*.  481 F.Supp. 465, 470 (D.D.C. 1979) ("The Court concludes that the Boards for 1976, 1977 and 1978 were illegally constituted and therefore, any action they took Respecting plaintiff only is void ab initio.")

[30]  10 U.S.C. § 14502(a)(1):

**(a) Officers not considered because of administrative error.–(1)**  In the case of an officer or former officer who the Secretary of the military department concerned determines was not considered for selection for promotion from in or above the promotion zone by a mandatory promotion board convened under section 14101(a) of this title because of administrative error. . . , the Secretary concerned shall convene a special selection board under this subsection to determine whether such officer or former officer should be recommended for promotion. . . .

After considering all of Defendant's arguments and upon construing the allegations and facts in the light most favorable to Plaintiff and drawing all reasonable inferences in favor of Plaintiff, the Court holds that, as to this claim, Plaintiff has pled sufficient facts under § 14502 to survive Defendant's Motion to Dismiss.   Therefore, as to this claim, Defendant's Motion to Dismiss for failure to state a claim is **DENIED**.

> **b.**   **Inclusion of Two Chaplains Plaintiff Alleges to be Hostile to Him on the Selection Board**

In the Motion to Dismiss, Defendant argues Plaintiff's claim that the inclusion of the two chaplains alleged to be hostile to him should not be considered error.   Defendant argues that in Plaintiff's request for an SSB, Plaintiff provided the Secretary with no evidence that the board members in question were biased except for the fact that Plaintiff was a named plaintiff in a putative class action against the Navy where allegations were asserted as to their conduct. Additionally, Defendant argues that Plaintiff offered no argument whatsoever that the alleged bias violated any rule, regulation, or statute.   Therefore, Defendant contends that the Secretary cannot be deemed to have abused his discretion in declining to grant an SSB in response to Plaintiff's request.

Plaintiff, on the other hand, argues that he pled sufficient facts to survive Defendant's Motion to Dismiss.   As to this claim, Plaintiff seeks an order or declaration from this Court:

> finding the Secretary's decision not to order a[n] SSB [to be] arbitrary, capricious and contrary to law because the [FY 2007 Board] that failed to select [Plaintiff] for promotion to Captain [to be] illegally composed:
>
> > ii.   contained two chaplain board members who are specifically identified as hostile to [n]on-liturgical chaplains in litigation against the Navy by non-liturgical chaplains over religious discrimination, pending in the District of

Columbia District Court since March 2000, in which [Plaintiff] is a named plaintiff[.]

Am. Compl. ¶ 1(a)(ii).  Specifically, Plaintiff alleges that both chaplain board members, Rear Adm. Iasiello and CAPT Viera, are liturgical chaplains identified in the *Adair* litigation as hostile to non-liturgical chaplains.  Am. Compl. ¶ 13(c).  Moreover, Plaintiff notes that when he petitioned the Secretary for an SSB, he states that the Board was illegally composed because these two active duty chaplain board members had interests adverse to Plaintiff due to his role as a plaintiff in the *Adair* lawsuit.  Am. Compl. ¶ 17.  Additionally, Plaintiff alleges that the use of these two active duty chaplains adverse to Plaintiff guaranteed he would not be selected for Captain under the Defendant's chaplain promotion board's voting system and procedures.  Am. Compl.  ¶ 21.

Construing these allegations in the light most favorable to Plaintiff, the Court finds that, Plaintiff has pled sufficient facts to survive Defendant's Motion to Dismiss.  Therefore, as to this claim, Defendant's Motion to Dismiss for failure to state a claim is **DENIED**.

**Motion for Partial Summary Judgment**

In the Motion for Partial Summary Judgment, Plaintiff argues that the Secretary's denial of Plaintiff's SSB request was arbitrary, capricious, and contrary to law because the Secretary must follow his own regulations, the Secretary composed the Board in violation of these regulations, and the Board's unlawful composition entitles Plaintiff to consideration by a legally composed board which the Secretary illegally denied.

Defendant's Response to the Motion for Partial Summary Judgment is, from what the Court can tell, the exact same as filing as Defendant's Memorandum in Support of Defendant's Motion to Dismiss on this claim.

In addition to a few new facts, Plaintiff recites facts similar to the facts mentioned above from the Amended Complaint.  In brief, these facts and Defendant's Response includes:

Plaintiff is a Naval Reserve chaplain on the RASL considered for and denied promotion by the FY 2007 Board.  Pl's Statement of Facts ¶ 1.  Plaintiff states that SECNAVINST 1401.3A ¶ 7 mandates that Captain board members have the rank of Captain or above and the inclusion of a RASL board member from the "competitive category" being considered for promotion.  (*Id.* ¶ 2.)  Plaintiff contends that the only provision for not complying with 1401.3A's RASL chaplain mandate is "[i]f no eligible and qualified RASL officer from that competitive category is available to serve as a member."  Pl.'s Statement of Facts ¶ 3.  The FY 2007 Board's precept identifies two chaplain board members, neither of whom were RASL chaplains. Pl.'s Statement of Facts ¶ 4.

Defendant denies that the above mentioned statements are undisputed material facts. Def.'s Resp. to Pl.'s Statement of Facts ¶ 2-4.  Additionally, Defendant argues that the directives and instructions speak for themselves, and Defendant denies any characterizations by Plaintiff of these directives and instructions constitute undisputed material facts.  (*Id.*)

Plaintiff then notes that the September 2006 "Reserve White Pages" for the RASL Navy Chaplain Corps RASL Officers lists forty-two (42) RASL Chaplain Captains and the December 2005 "Reserve White Pages" lists fifty-one (51) RASL Chaplain Captains.  Pl.'s Statement of Facts ¶ 5.  Plaintiff notes that Rear Adm. Iasiello and CAPT Viera are not on these RASL lists.

19

(*Id.*)  Defendant denies that this is an undisputed material fact.  Def.'s Resp. to Pl.'s Statement of Facts ¶ 5.  Defendant disputes this statement as Defendant argues that Plaintiff does not support his contention with a proper evidentiary foundation, citing only unauthenticated documents containing hearsay.  (*Id.*)  Additionally, Defendant states that to the extent that Plaintiff characterizes those documents, the documents speak for themselves, and Defendant denies that any characterizations by Plaintiff constitute undisputed material facts.  (*Id.*)  To this, Plaintiff states that he has authenticated the cited documents originated with the Navy, and that the Navy does not deny its Chaplain Corps issues such Reserve listings and that Rear Adm. Iasiello and CAPT Viera are not on the RASL Chaplain list.  Pl.'s Reply to Def.'s Resp. to Pl.'s Statement of Facts ¶ 5.

Plaintiff states that at least one RASL Captain Chaplain was available and qualified for the FY 2007 Board, but was not asked to serve as a promotion board member.  Pl.'s Statement of Facts ¶ 6.  Defendant denies that this is an undisputed material fact, and highlights that for this statement, Plaintiff relies solely on the declaration testimony of an individual who purports to be a Navy Chaplain serving on the RASL at the grade of Captain, but who has provided this testimony under a pseudonym.  Def.'s Resp. to Pl.'s Statement of Facts ¶ 6.

Plaintiff notes that he asked the Secretary for an SSB challenging the legality of his Board because its composition violated SECNAVINST 1401.3A's RASL requirement.  Pl.'s Statement of Facts ¶ 7.  Defendant does not dispute that Plaintiff submitted a request for an SSB; however, Defendant disputes Plaintiff's suggestion that the board's composition violated SECNAVINST 1401.3A's RASL requirement.  Def.'s Resp. to Pl.'s Statement of Facts ¶ 7.  Plaintiff states that the Secretary found no error in the Board's composition and denied Plaintiff's SSB request and

the DOD IG denied Plaintiff's request for an investigation of the Board's composition.  Pl.'s

Statement of Facts ¶ 8.  Defendant does not dispute that the Secretary denied Plaintiff's request

for an SSB.  Def.'s Resp. to Pl.'s Statement of Facts ¶ 8.

Plaintiff then states that neither the Secretary nor the precept explain why no RASL

chaplain was appointed to serve on the Board when at least one RASL chaplain was available but

not asked.  Pl.'s Statement of Facts ¶ 9.  Defendant states that Plaintiff's suggestion that neither

the Secretary nor the precept explain why no RASL chaplain was appointed to serve on the

Board does not state a material fact relevant to the resolution of this case.  Def.'s Resp. to Pl.'s

Statement of Facts ¶ 9.  Defendant goes on to state that the Secretary approved the FY 2007

Board precepts and members list on February 25, 2006, and in doing so, the Secretary waived the

non-statutory requirement that the FY 2007 board include a RASL officer with the same

designator as the officers being considered for selection for promotion.

Because the arguments presented from both sides are similar to the arguments discussed

above in the Motion to Dismiss, the Court will not reproduce the arguments again here.  From

the brief facts mentioned above, the Court finds material facts to still be in dispute.  These facts

include, but are not limited to:  whether other RASL officers were available to sit on the Board

and whether waiver by the Secretary occurred.  Moreover, neither party sufficiently addresses the

other party's arguments as to the law of this case.  Therefore, at this stage in the litigation,

viewing the evidence in the light most favorable to the Defendant, the Court is unable to state

that Plaintiff is entitled to judgment as a matter of law on this claim.  The Court, therefore,

**DENIES** the Motion for Partial Summary Judgment.  However, the Court denies this Motion

without prejudice to re-file.

**II. Constitutional Claim**

In the Motion to Dismiss, Defendant argues that this Court should dismiss Plaintiff's claim that the Navy's current chaplain selection board procedures and composition violate the Establishment Clause because the claim falls outside the purview of this Court's subject matter jurisdiction. Specifically, Defendant argues that Plaintiff has not exhausted his administrative remedies, as he has not presented this constitutional claim to the Secretary prior to bringing the claim before this Court.[31]

---

[31] The Court reproduces the Plaintiff's Request for a Special Selection Board in pertinent part below:

1. Very respectfully request a special selection board . . . the regularly scheduled board of February 26, 2006 was not legally composed and, therefore, did not lawfully or fairly consider me.

2. The regularly scheduled board did not comply with the membership requirements . . . specifically, there was no member from my Chaplain Corps community who was on the [RASL] . . .

3. Furthermore, the board was not legally composed because one board member was illegally serving. CAPT Jane F. Viera, CHC, USNR was illegally accessed to extended active duty as a lieutenant commander rather than being reverted to lieutenant as instructions require. Consequently, her subsequent promotions to commander and captain were illegal and she was not qualified to serve as a member of my captain selection board. I will provide you details if you desire.

4. Finally, Board Member, Captain (Chaplain) Jane Viera and Board President, Admiral (chaplain) Louis Iasellio were biased against me because there are outstanding, ongoing legal complaints in the Federal Courts against both of them by me and others. Having served on promotion boards, I am very aware that any board member can prevent the selection of any candidate.

5. In sum, the lack of a required RASL Chaplain Corps member and the presence of illegal, prejudiced members prevented me being legally or fairly considered.

(D.E.# 4-3.)

Plaintiff, however, argues that Plaintiff's constitutional challenge should not be dismissed as the challenge is not to the illegal board that did not select him; rather, the challenge is to the SSB board procedures which would be used in any subsequent board.  Specifically, in the Amended Complaint, Plaintiff writes:

> This Amended Complaint challenges the decision by the Secretary [] denying [P]laintiff [] a[n] [SSB] [] consideration for promotion by a legally constituted selection board and possible promotion. [Plaintiff] seeks a declaration or order:
>
> . . . .
>
> b.        finding the Navy's current chaplain selection boards procedures and composition violate the Establishment Clause by delegating to commissioned denominational representatives, *i.e.*, chaplain board members, discretionary civic power to award or deny government benefits without effective guarantees "that the delegated power would be used exclusively for secular, neutral and non-ideological purposes[.]"[32]

As such, Plaintiff argues that he does not have to wait to suffer a constitutional injury before he can object to the procedures that would cause the injury.  Moreover, Plaintiff contends that the purpose of the exhaustion requirement is to put the Navy on notice of a wrong, allow it to evaluate the claim, and correct the problem if valid.  Plaintiff states that the Navy has been fighting challenges to the constitutionality of its promotion board procedures for over eleven (11) years and has refused to acknowledge its procedures are illegal.  Therefore, Plaintiff argues that exhaustion as to this claim is unnecessary.

Congress has addressed whether a federal district court has jurisdiction to hear non-promotion claims by military officers.  Section 14502(g) of title 10 of the United States Code provides:

> **(g) Limitation of other jurisdictions.**–No official or court of the United States shall have power or jurisdiction–

---

[32]  Am. Compl. ¶ 1(b).

(1) over any claim based in any way on the failure of an officer or former officer of the armed forces to be selected for promotion by a selection board convened under chapter 1403 of this title until–

(A) the claim has been referred to a special selection board by the Secretary concerned and acted upon by that board; or

(B) the claim has been rejected by the Secretary without consideration by a special selection board[.]

As stated by one district court, "[t]here is very little that can be added to clarify a legislative pronouncement already this clear."[33]  Moreover, as Plaintiff states, "[t]he purpose behind this system is to provide the agency with notice and an opportunity to rectify any wrong through the conciliation process or through administrative relief."[34]  Additionally, the Supreme Court has recognized that "when Congress imposes an exhaustion requirement by statute," a district court is not free to divine its own exhaustion requirements.[35]

This Court highlights one somewhat similar case.  In *Juffer v. Caldera*, the Plaintiff alleged that, as a result of the Army's affirmative action policy, he was twice denied a promotion to the rank of colonel and will be denied a correction of his military records with the Army Board

---

[33]  *Juffer v. Caldera*, 138 F. Supp. 2d 22, 24 (D.D.C. 2001).

[34]  *Scott v. England*, 264 F. Supp. 2d 5, 8 (D.D.C. 2002).

[35]  *Juffer*, 138 F. Supp. 2d at 24 (quoting *Coit Independence Joint Venture v. FSLIC*, 489 U.S. 561, 587 (1989)).

24

for the Correction of Military Records ("ABCMR").[36]  Plaintiff petitioned the ABCMR.[37]

However, as of the date of the decision in *Juffer*, the petition was still pending.[38]

The Court in *Juffer* found that it lacked jurisdiction to hear the case at that time.[39]  In

response, the Court noted that the plaintiff's suit "is clearly based on his 'failure . . . to be

selected for a promotion,' and the Secretary of the Army has not rejected his claim or referred it

to [an SSB]."[40]  Important for this case, however, the plaintiff further argued that the "ABCMR is

not empowered to consider constitutional claims, that the exhaustion requirement is relaxed with

respect to constitutional questions, and that exhaustion would be futile because the Secretary of

the Army is biased."[41]  The Court stated that "[a]lthough these theories have long been relevant

in the field of administrative exhaustion, their import in this case is eviscerated by the fact that

exhaustion in this case is mandated by statute.  This legislative edict necessarily preempts these

judicially created doctrines."[42]

While the *Juffer* case is factually different than the case at bar, the underlying principle is

the same–exhaustion in this case is mandated by statute even if it is a constitutional question.  In

the statute, Congress used the language that no United States court shall have jurisdiction "over

---

[36]  *Id.* at 23.

[37]  *Id.*

[38]  *Id.*

[39]  *Id.* at 24.

[40]  *Id.*

[41]  *Id.*

[42]  *Id.* at 24-25.

*any* claim based in *any way* on the failure of an officer . . . to be selected for promotion by a selection board . . . *until* (A) the claim has been referred to [an SSB] by the Secretary concerned and acted upon by that board; or (B) the claim has been rejected by the Secretary without consideration by a special selection board."[43]  The Court finds this language to be extremely broad and encompassing.  While Plaintiff states his claim is based upon the current procedures, not the FY 2007 Board, and finds that to be distinguishable from the statute, the Court reads the statute to apply to past boards as well as any current or future boards.  As other courts have noted, Congress's purpose behind this system is to provide the Navy with notice and opportunity to rectify any wrong.  While Plaintiff highlights that the Navy is no notice of this claim as it has been and is still subject to litigation regarding the constitutionality of promotion board procedures, this Court finds that fact does not excuse Plaintiff from having to exhaust his administrative remedies pursuant to the statute.  Applying this to the case at bar demonstrates that the Plaintiff's failure to his exhaust administrative remedies before filing the present action against the Defendant warrants dismissal of this claim.  Therefore, this Court holds that this claim should be denied pursuant to Rule 12(b)(1).

**Motion for Partial Summary Judgment**

As the constitutional claim has now been dismissed pursuant to this Order, Plaintiff's Motion for Partial Summary Judgment on this claim is **DENIED** as **MOOT**.

**III.  Bad Faith Claim**

Defendant argues that Plaintiff has not pled any facts in support of his assertion that the Secretary acted in bad faith by denying Plaintiff's SSB request.  From the Court's reading of the

---

[43]  10 U.S.C. § 14502(g) (emphasis added).

Amended Complaint and Plaintiff's response to Defendant's Motion to Dismiss, the Court finds

Defendant's Motion to Dismiss on this request to be untimely.

In the Amended Complaint, Plaintiff requests the Court enter an Order that:

d.    the United States has acted in bad faith by forcing [Plaintiff] to file this suit to obtain a result which the law clearly required because the [Defendant's] clear failure to comply with the Secretary's instructions is obvious to any objective observer;

e.    [Plaintiff] be awarded the cost of his attorney's fees, to include expert fees if necessary, as a sanction for the defendant's bad faith and/or under the provisions of the Equal Access to Justice Act, 28 U.S.C. § 2412, or other applicable statue or principle of law or equity[.]

Am. Compl. ¶ 24(d) & (e).

From the Court's reading of the Amended Complaint, Plaintiff's Response to Defendant's

Motion to Dismiss, and all statutory and case law citings thereto, the Court can only conclude

that Plaintiff alleged this bad faith claim to enable Plaintiff to receive attorney's fees under a fee

shifting statute or the common law if Plaintiff prevails.  Therefore, the Court finds the

Defendant's Motion in regard to this issue to be untimely.  Thus, the Court **DENIES** Defendant's

Motion to Dismiss the bad faith claim.

## <u>CONCLUSION</u>

For the reasons set forth above, Defendant's Motion to Dismiss is **GRANTED IN PART**

and **DENIED IN PART**, and Plaintiff's Motion for Partial Summary Judgment is **DENIED**.

**IT IS SO ORDERED.**

**s/ S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: September 6, 2011.

27