UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FURNISS HARKNESS,

    Plaintiff,

v.                                            Case No. 10-02868

UNITED STATES OF AMERICA,

    Defendant.
                                                  /

**OPINION AND ORDER DENYING PLAINTIFF'S "MOTION FOR RECONSIDERATION OF 9/6/11 INTERLOCUTORY ORDER"**

Before the court is a motion filed by Plaintiff Furniss Harkness, presented under Federal Rule of Civil Procedure 54(b) and Western District of Tennessee Local Rule 7.3, in which he seeks to have the court "clarify whether Secretary of Navy Instruction 1401.3A, ¶ 7, expressly defining the Reserve Active Status List selection boards statutory requirements, precludes defendant's argument that ¶ 7's specific requirements are non-statutory," a matter discussed in the court's September 6, 2011 order denying Plaintiff's motion for partial summary judgment and granting in part and denying in part Defendant United States of America's motion to dismiss. Plaintiff also seeks an order that would alter or amend the portion of the September 6, 2011 order that dismissed Plaintiff's constitutional claim, arguing that "the decision ignores a controlling fact, is contrary to well-established law[,] and [is] unjust." Defendant has responded in opposition, and the court determines that no further briefing is required and a motion hearing would be neither helpful nor necessary. *See* W.D. Tenn. LR 7.2(d). After considering the motion for reconsideration, the opposition to it, and the very extensively

briefed arguments presented to the court prior to the September 6, 2011 order, the court will deny Plaintiff's motion.

The court is aware of its authority, whether under Rule 54(b), Local Rule 7.3, or its inherent authority, to revisit and correct an erroneous or incomplete ruling. *See Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991). The court's discretionary exercise of this authority is governed principally by the standard set forth in the Local Rules, under which Plaintiff is required to show:

> (1) a material difference in fact or law from that which was presented to the Court before entry of the interlocutory order for which revision is sought, and that in the exercise of reasonable diligence the party applying for revision did not know such fact or law at the time of the interlocutory order; or (2) the occurrence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the Court to consider material facts or dispositive legal arguments that were presented to the Court before such interlocutory order.

W.D. Tenn. LR 7.3(b).

The court finds that the essential arguments raised in support of the motion for reconsideration were or could have been raised in support of the former motion. The court discerns no "material difference in fact or law" unknown to Plaintiff when presenting his original motion, nor any "occurrence of new material facts or a change of law" subsequent to the September 6, 2011 order, nor any "manifest failure by the Court to consider material facts or dispositive legal arguments that were presented to the Court." *See* W.D. Tenn. LR 7.3(b).

Plaintiff's only request for relief on the grounds articulated in Local Rule 7.3(b) is his contention that, because the court's September 6, 2011 order "does not address plaintiff's . . . request for *equitable* relief to prevent the irreparable harm flowing from

*future* unconstitutional selection board procedures," there was "'a manifest failure to consider a dispositive legal argument.'" (Mem. Supp. Pl.'s Mot. Recons. 14, Dkt. # 49 (citing W.D. Tenn. LR 7.3(b)).)  The court, however, did in fact recognize Plaintiff's constitutional challenge as addressing "the SSB board procedures which would be used in any subsequent board," (Order Grant. in Part & Den. in Part Def.'s Mot. Dismiss & Order Den. Pl.'s Mot. Partial Summ. J. 23, Sept. 6, 2011, Dkt. # 46), and disposed of it on exhaustion grounds.  Thus, the court concludes that this was not, as Plaintiff maintains, a manifest failure to consider a dispositive legal argument.

In sum, the court finds that the September 6, 2011 order can stand as it is, and the case is appropriately positioned for resolution by subsequent motion practice. Accordingly,

IT IS ORDERED that Plaintiff's "Motion for Reconsideration of 9/6/11 Interlocutory Order" [Dkt. # 49] is DENIED.

                                            s/Robert H. Cleland  
                                            ROBERT H. CLELAND  
                                            UNITED STATES DISTRICT JUDGE

Dated:  May 8, 2012

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 8, 2012, by electronic and/or ordinary mail.

                                            s/Lisa Wagner  
                                            Case Manager and Deputy Clerk  
                                            (313) 234-5522